UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAH SPENCER NIMHAM EL DEY,

                Plaintiff,

      -against-

DOC, *et al.*,

                Defendants.

22-CV-4634 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this action *pro se*. He also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner.[1] *See Spencer Nimham El Dey v. DOC*, ECF 1:22-CV-4028, 4 (S.D.N.Y. July 7, 2022). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that

---

[1] Plaintiff filed this action prior to entry of the bar order. Because Plaintiff accumulated the three strikes before he filed this action, he was therefore effectively barred under 28 U.S.C. § 1915(g) before filing this complaint.

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

"from 4,21,2021 to 5,14,2022," he has "purposefully been prone to all sorts of DOC machinations." (ECF No. 2 at 4.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).